UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
MICHAEL COLLIER,

                      Plaintiff,

         - against -

CITY OF NEW YORK,
P.O. CHRISTOPHER CRAIN (Shield # 003856)
P.O. JOHN/JANE DOE(S) #1-5
(Belonging to the 40th Precinct),
CITY OF NEW YORK DEPARTMENT OF
CORRECTIONS, RIKER'S ISLAND C.O. JOHN/JANE
DOE(S)# 1-5,

                      Defendants.
-----------------------------------------------------------------------X

**COMPLAINT**

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES**

RECEIVED JAN 11 2013 U.S.D.C. S.D.N.Y. CASHIERS

Plaintiff, by his attorneys, **NASS & ROPER LAW, LLP**, complaining of the Defendants, respectfully alleges, upon information and belief, as follows:

**AS AND FOR A FIRST CAUSE OF ACTION
IN NEGLIGENCE**

1. That the damages sought herein exclusive of interest, costs, and disbursements, exceed $75,000, and that this action is being commenced within the time allowed by law for institution of the action.

2. That at all times herein mentioned, Plaintiff, **MICHAEL COLLIER**, was, and still is, a resident of the City, County of the Bronx and State of New York.

3. That at all times relevant and material herein, the Defendant, **CITY OF NEW YORK**, was, and still is, a municipal corporation, duly organized and existing under and by virtue of the Laws of the State of New York.

4. That prior hereto on August 30, 2012, and within the time prescribed by law, a sworn Notice of Claim stating, among other things, the time when and place where the injuries and

1

damages were sustained, together with Plaintiffs' demands for adjustment thereof, was duly served on the claimant's behalf on the Comptroller for the City of New York and that thereafter said Comptroller for the City of New York refused or neglected for more than thirty (30) days, and up to the commencement of this action, to make any adjustment or payment thereof, and that thereafter, and within the time provided by law, this action was commenced.

5. That Defendant, **CITY OF NEW YORK**, had the right to conduct a hearing, pursuant to General Municipal Law § 50-h, regarding the facts and circumstances of the incident complained of herein, provided it gave notice within thirty (30) days of service of the aforesaid Notice of Claim, and that on November 8, 2012, the law firm of *Schiavetti, Corgan, DiEdwards, Weinberg & Nicholson, LLP*, outside counsel for Defendant, **CITY OF NEW YORK**, conducted that hearing of Plaintiff, **MICHAEL COLLIER**, for which Plaintiff appeared and testified.

6. That upon information and belief and at all times herein mentioned, defendant, **CITY OF NEW YORK**, owned and operated a police department within the City of New York, known as the New York City Police Department, which includes the "40th precinct," and whose police headquarters are located at 257 Alexander Avenue Bronx NY 10454.

7. That, upon information and belief, at all times herein mentioned, **POLICE OFFICER CHRISTOPHER CRAIN**, shield number 003856, was employed as Police Officers, Detectives, or in some other capacity as an agents and/or employees of the New York City Police Department, an agency, department and/or subsidiary of Defendant, **CITY OF NEW YORK**.

8. That, upon information and belief, at all times herein mentioned, **POLICE OFFICER JOHN/JANE DOE(S) #'S 1-5**, fictitious names whose identity is currently

unknown, were employed as Police Officers, Detectives, or in some other capacity as an agents and/or employees of the New York City Police Department, an agency, department and/or subsidiary of Defendant, **CITY OF NEW YORK**.

9. That, upon information and belief, at all times herein mentioned, **RIKER'S ISLAND C.O. JOHN/JANE DOE(S)# 1-5,** fictitious names whose identity is currently unknown, were employed as New York City Department of Corrections officers, or in some other capacity as an agents and/or employees of the New York City Department of Corrections, an agency, department and/or subsidiary of Defendant, **CITY OF NEW YORK**

10. That, upon information and belief, at all times herein mentioned, the individuals: **POLICE OFFICER JOHN/JANE DOE(S) #'S 1-5,** as well as other Police Officer(s), Detectives, and/or other agents and/or employees of the New York City Police Department, underwent a training program in order to become Police officers, detectives, and/or agents and employees of Defendant, **CITY OF NEW YORK**, that included the proper procedures by which to approach, question, search, and if necessary, detain an individual suspected of a crime, and when, if ever, violent physical force is warranted.

11. That, upon information and belief, at all times herein mentioned, the individuals: **RIKER'S ISLAND C.O. JOHN/JANE DOE(S)# 1-5**, as well as other Correctional Officer(s), and/or other agents and/or employees of the New York City Department of Corrections, underwent a training program in order to become Police officers, detectives, and/or agents and employees of Defendant, **CITY OF NEW YORK**, that included the proper procedures by which to detain and release an inmate upon proper instruction.

12. That on or about July 28, 2012, at approximately 1:00 a.m., while Plaintiff, **MICHAEL COLLIER**, was a pedestrian lawfully present in the vicinity of 146th Street and

College Avenue in the City, County, and State of New York, gun fire was heard in the immediate vicinity.

13. That on or about July 28th, 2012, at the above-mentioned time and location, Plaintiff and bystanders all hid and crouched in an attempt to avoid being hit by the gun fire.

14. That on or about July 28, 2012, at the above-mentioned date and location Plaintiff, **MICHAEL COLLIER**, noticed that his sister Brandi Minnis had been struck in the back by one of the bullets fired. Plaintiff, **MICHAEL COLLIER**, immediately picked up Ms. Minnis and started tending to her wounds. Plaintiff, **MICHAEL COLLIER,** picked up Ms. Minnis and carried her two blocks to nearby Lincoln Hospital. While carrying her, two officers told Plaintiff to place her down as an ambulance was coming. Plaintiff denied this request saying the hospital was only one block away at that point. The officers agreed and escorted Plaintiff to the hospital. At no time was Plaintiff questioned, detained or arrested during this entire interaction.

15. That on or about July 28th, 2012, at the above-mentioned date and location, left the hospital to return to the scene of the shooting in order to retrieve his bloodied and discarded clothing and cell phone.

16. That on or about July 28th, 2012, at the above-mentioned date and location, Plaintiff, **MICHAEL COLLIER**, approached the scene and was confronted by Defendants. After Plaintiff informed the officers he did not see any of the shooters, Defendants proceeded to handcuff Plaintiff, **MICHAEL COLLIER**, and bring him to the 40th Precinct for questioning.

17. That on or about July 28th, 2012, at the above-mentioned date and location, Plaintiff, **MICHAEL COLLIER,** was placed in a holding cell and charged with possession of a weapon despite having nothing on his person and without ever being questioned.

18. That on or about July 28th, 2012, at the above-mentioned date and location, Plaintiff, **MICHAEL COLLIER**, was then transferred to central booking and arraigned where he was charged with PL 265.03(1)b Criminal Possession of a Weapon 2nd Degree; PL 265.02(1) Criminal Possession of a Weapon 3rd Degree; PL 265.01(1) Criminal Possession of a Weapon 4th Degree; PL 265.01(2) Criminal Possession of a Weapon 4th Degree. Defendant **PO CHRISTOPHER CRAIN** of the 40th Precinct swore under oath as to the grounds of these charges.

19. That the New York City Police Department, and Defendant, **CITY OF NEW YORK**, were careless, reckless, and negligent under the circumstances in the following manner but not limited thereto: In failing to avoid the happening of the incident involved herein; in failing to heed warnings; in failing to hire, train, and supervise efficient and sufficient personnel including Police Officer(s), Detective(s), and/or other agents and/or employees; in failing to comply with all applicable statutes, ordinances, rules, and regulations; in failing to exercise reasonable care in the hiring and retaining of employees; in failing to ascertain that an individual(s) was/were inappropriate and unsuitable for a particular job function or title, including as Police Officer(s), Detective(s), agents, and/or employees; in failing to monitor the subject situation; in negligently conducting police duties; in failing to properly investigate an individual and a crime scene, and all of defendants acts and/or omissions constituting negligence were a direct and proximate cause of the incident involved herein and injuries sustained therefrom.

20. That at all times mentioned herein, and based particularly on the July 28th, 2012 events as more fully set forth hereinabove, the New York City Police Department and Defendant, **CITY OF NEW YORK**, are vicariously liable for the resulting injuries of the

foregoing events of the individuals: **POLICE OFFICER CHRISTOPHER CRAIN, and POLICE OFFICER JOHN/JANE DOE(S) #'S 1-5**, and/or other Police Officer(s), Detectives, and/or other agents and/or employees of the New York City Police Department, and Defendant, **CITY OF NEW YORK**, and/or other Police Officer(s), Detectives, and/or other agents and/or employees of Defendants, as the above-described acts and/or omissions were all perpetrated by Police Officer(s), Detectives, and/or other agents and/or employees of Defendant, within the scope and furtherance of their employment.

21. That, upon information and belief, the New York City Police Department, and Defendant, **CITY OF NEW YORK**, failed to adequately supervise, control, discipline, and/or otherwise prevent and penalize the conduct, and the acts of Police Officer(s), Detectives, and/or other agents and/or employees of Defendants involved in the incident herein, including their purported prior acts of violent and forceful altercations with otherwise lawfully present citizens, and other related inappropriate behavior.

22. That, upon information and belief, at all times mentioned herein and particularly prior to July 28, 2012, the New York City Police Department, and Defendant, **CITY OF NEW YORK**, failed to take all reasonable steps to eliminate the aforesaid conduct of Police Officer(s), Detectives, and/or other agents and/or employees of Defendants, towards the public, including Plaintiff, and to prevent it from occurring in the future, and failed to adequately supervise, control, discipline, and/or otherwise prevent and penalize the conduct, and the acts of Police Officer(s), Detectives, and/or other agents and/or employees of Defendants, related to their purported prior acts of negligence, and other related inappropriate behavior.

23. That, upon information and belief, the New York City Police Department, and Defendant, **CITY OF NEW YORK**, had actual as well as constructive notice and knowledge

concerning the dangerous negligent propensities and carelessness of its Police Officer(s), Detectives, and/or other agents and/or employees prior to July 28, 2012, yet failed to take the necessary and timely steps to prevent the happening of the incident involved herein.

24. That by reason of the foregoing negligence on behalf of the New York City Police Department, and Defendants, **CITY OF NEW YORK**, Plaintiff, **MICHAEL COLLIER**, has been caused to sustain serious permanent personal injuries of body and mind as well as special damages and loss and/or diminution in his enjoyment of life, and that as a result of the foregoing, the Plaintiff, **MICHAEL COLLIER**, has sustained damages, which exceed the jurisdictional limit of this Court, exclusive of interest, costs, and disbursements and/or Plaintiff has been damaged in a sum not to exceed ONE MILLION FIVE HUNDRED THOUSAND ($1,500,000) DOLLARS.

## AS AND FOR A SECOND CAUSE OF ACTION FOR FALSE ARREST

25. That at all times herein mentioned, Plaintiff repeats, reiterates and realleges each and every allegation contained herein as though set forth at length herein.

26. That, at the above-mentioned date and location, immediately after the above-described on-scene questioning, Plaintiff was handcuffed by Police Officer(s), Detectives, and/or other agents and/or employees of the New York City Police Department, and Defendant, **CITY OF NEW YORK**, and placed in a Police Vehicle and taken to the 40th Precinct office of the New York City Police Department, located at 257 Alexander Avenue Bronx NY 10454.

27. That Police Officer(s), Detectives, and/or other agents and/or employees of the New York City Police Department, and Defendant, **CITY OF NEW YORK**, arrested Plaintiff, **MICHAEL COLLIER**, and charged him with PL 265.03(1)b Criminal Possession of a Weapon 2nd Degree; PL 265.02(1) Criminal Possession of a Weapon 3rd Degree; PL 265.01(1)

Criminal Possession of a Weapon 4th Degree; PL 265.01(2) Criminal Possession of a Weapon 4th Degree and then confined him in a prison cell, despite the fact that Plaintiff never had any weaponry of any kind on his person and was in fact, a victim of the shooting by witnessing and tending to a shot victim and sister, Brandi Minnis, Detectives, and/or other agents and/or employees of the New York City Police Department, and Defendant, **CITY OF NEW YORK**, who abused their authority by intentionally, and/or negligently and/or recklessly arresting Plaintiff.

28. That on or about July 28th, 2012, at approximately 1:30 a.m., the individuals: **POLICE OFFICER CHRISTOPHER CRAIN**, and **POLICE OFFICER JOHN/JANE DOE(S) #'S 1-5**, as well as other Police Officer(s), Detectives, and/or other agents and/or employees of the New York City Police Department, and Defendant, **CITY OF NEW YORK**, accused and arrested plaintiff, **MICHAEL COLLIER**, of having committed a criminal act(s), to wit: PL 265.03(1)b Criminal Possession of a Weapon 2nd Degree; PL 265.02(1) Criminal Possession of a Weapon 3rd Degree; PL 265.01(1) Criminal Possession of a Weapon 4th Degree; PL 265.01(2) Criminal Possession of a Weapon 4th Degree., well knowing that Plaintiff committed no such criminal act(s) and were acting within the scope of their employment with the New York City Police Department, and Defendant, **CITY OF NEW YORK.**

29. That, upon information and belief, on or about July 28, 2012, Plaintiff, **MICHAEL COLLIER**, was detained initially at the 40th Precinct office of the New York City Police Department, located at 257 Alexander Avenue Bronx NY 10454, where he remained in custody until he was transferred to the Bronx Central Booking for a period of time.

30. That, upon information and belief, on or about July 28, 2012, Plaintiff, **MICHAEL COLLIER**, was arraigned, Plaintiff pled "not guilty" to the criminal charges against him, to wit:

8

PL 265.03(1)b Criminal Possession of a Weapon 2nd Degree; PL 265.02(1) Criminal Possession of a Weapon 3rd Degree; PL 265.01(1) Criminal Possession of a Weapon 4th Degree; PL 265.01(2) Criminal Possession of a Weapon 4th Degree., and Plaintiff was remanded with $150,000.00 bail set where he was detained unlawfully for approximately 20 days before the Grand Jury dismissed all charges.

31. That, under the circumstances herein, the New York City Police Department, and Defendant, **CITY OF NEW YORK**, falsely arrested, Plaintiff, **MICHAEL COLLIER**, and he sustained emotional overlay, stress, anxiety, humiliation, embarrassment, tension, and loss of wages and employment opportunity, and that as a result of the foregoing, the Plaintiff, **MICHAEL COLLIER**, has sustained damages, which exceed the jurisdictional limit of this Court, exclusive of interest, costs, and disbursements and/or Plaintiff has been damaged in a sum not to exceed ONE MILLION FIVE HUNDRED THOUSAND ($1,500,000) DOLLARS.

### AS AND FOR A THIRD CAUSE OF ACTION
### FOR FALSE AND UNJUST DETENTION

32. That at all times herein mentioned, Plaintiff repeats, reiterates and realleges each and every allegation contained herein as though set forth at length herein.

33. That as a result of the foregoing, Plaintiff, **MICHAEL COLLIER**, was held and detained by Police officer(s), detective(s), agent(s) and/or employee(s) of the New York City Police Department, and Defendant, **CITY OF NEW YORK**, against his will and without just or any cause and that the foregoing constitutes false and unjust detention of plaintiff.

34. That as a result of the foregoing, Plaintiff, **MICHAEL COLLIER**, was held and detained until August 18th, 2012 despite being scheduled to be released on the 17th of August[1].

---

[1] The official Certificate of Disposition obtained on 8/30/2012 states that the criminal charges were dismissed on 8/21/2012. Plaintiff denies this, stating he was released on the 18th. Although it is possible he was released before his charges were dismissed, it is more likely that this discrepancy is due to clerical error.

9

35. That as a result of the foregoing negligence on behalf of the New York City Police Department, and Defendant, **CITY OF NEW YORK**, Plaintiff, **MICHAEL COLLIER**, has sustained damages for serious permanent personal injuries of mind as well as special damages and loss and/or diminution in his enjoyment of life, which exceed the jurisdictional limit of this Court, exclusive of interest, costs, and disbursements and/or Plaintiff has been damaged in a sum not to exceed ONE MILLION FIVE HUNDRED THOUSAND ($1,500,000) DOLLARS.

### AS AND FOR A FOURTH CAUSE OF ACTION
### FOR FALSE AND UNJUST DETENTION

36. That at all times herein mentioned, Plaintiff repeats, reiterates and realleges each and every allegation contained herein as though set forth at length herein.

37. That as a result of the foregoing, Plaintiff, **MICHAEL COLLIER**, was negligently held and detained by Department of Corrections and/or employee(s) of the New York City Police Department, Department of Corrections, and Defendant, **CITY OF NEW YORK**, against his will and without just or any cause and that the foregoing constitutes false and unjust detention of plaintiff.

38. That as a result of the foregoing, Plaintiff, **MICHAEL COLLIER**, was held and detained until August 18th, 2012 despite being scheduled to be released on the 17th of August. This resulted in being falsely and unjustly detained for approximately 24 hours beyond his scheduled release[2].

39. That as a result of the foregoing negligence on behalf of the New York City Police Department, and Defendant, **CITY OF NEW YORK**, Plaintiff, **MICHAEL COLLIER**, has sustained damages for serious permanent personal injuries of mind as well as special damages and loss and/or diminution in his enjoyment of life, which exceed the jurisdictional limit of this

---

[2] *Please see footnote 1.*

Court, exclusive of interest, costs, and disbursements and/or Plaintiff has been damaged in a sum not to exceed ONE MILLION FIVE HUNDRED THOUSAND ($1,500,000) DOLLARS.

## AS AND FOR A FIFTH CAUSE OF ACTION
## FOR MALICIOUS PROSECUTION

40. That at all times herein mentioned, Plaintiff repeats, reiterates and realleges each and every allegation contained herein as though set forth at length herein.

41. That as a result of the foregoing, Police officer(s), detective(s), agent(s) and/or employee(s) of the New York City Police Department, and Defendant, **CITY OF NEW YORK**, as well as prosecutors employed by Defendant **CITY OF NEW YORK**, instituted and maintained charges against plaintiff, **MICHAEL COLLIER**, when defendants knew that said charges were baseless, without merit or justification.

42. That the criminal proceeding against Plaintiff, **MICHAEL COLLIER,** terminated/will terminate in favor of Plaintiff, **MICHAEL COLLIER**, when the charge(s) were/are dismissed on or about August 21, 2012 or August 17th, 2012 pending clerical confirmation.

43. That the Defendants herein, instituted and/or encouraged criminal prosecution of Plaintiff, **MICHAEL COLLIER**, and that upon there being no basis for any of the criminal charges having been instituted in the first instance against Plaintiff, **MICHAEL COLLIER**, Defendants' actions constitute malicious prosecution.

44. That by reason of the foregoing negligence on behalf of the New York City Police Department, and Defendant, **CITY OF NEW YORK**, Plaintiff, **MICHAEL COLLIER**, has been caused to sustain serious permanent personal injuries of mind as well as special damages and loss and/or diminution in his enjoyment of life, and that as a result of the foregoing, the Plaintiff, **MICHAEL COLLIER**, has sustained damages, which exceed the jurisdictional limit

of this Court, exclusive of interest, costs, and disbursements and/or Plaintiff has been damaged in a sum not to exceed ONE MILLION FIVE HUNDRED THOUSAND ($1,500,000) DOLLARS.

## AS AND FOR A SIXTH CAUSE OF ACTION
## FOR FALSE IMPRISONMENT

45. That at all times herein mentioned, Plaintiff repeats, reiterates and realleges each and every allegation contained herein as though set forth at length herein.

46. That as a result of the foregoing, Plaintiff, **MICHAEL COLLIER**, was held, detained and incarcerated by Police officers, detectives, agents and/or employees of the New York City Police Department, and Defendant, **CITY OF NEW YORK**, as well as prosecutors employed by Defendant, **CITY OF NEW YORK**, against his will and without just or any cause.

47. That Police officers, detectives, agents and/or employees of the New York City Police Department, and Defendant, **CITY OF NEW YORK**, as well as prosecutors employed by Defendant, **CITY OF NEW YORK**, intentionally confined Plaintiff, **MICHAEL COLLIER**, who was aware of such confinement, within the definite physical boundaries of a police precinct, criminal courthouse holding cell, jail cell, and/or other place of incarceration, with no reasonable means to contest said unlawful detention.

48. That as a result of the foregoing, Plaintiff, **MICHAEL COLLIER**, was falsely imprisoned by the defendants herein, against his will and without just or any cause.

49. That by reason of the foregoing negligence on behalf of the New York City Police Department, and Defendant, **CITY OF NEW YORK**, Plaintiff, **MICHAEL COLLIER**, has been caused to sustain serious permanent personal injuries of mind as well as special damages and loss and/or diminution in his enjoyment of life, and that as a result of the foregoing, the Plaintiff, **MICHAEL COLLIER**, has sustained damages, which exceed the jurisdictional limit

of this Court, exclusive of interest, costs, and disbursements and/or Plaintiff has been damaged in a sum not to exceed ONE MILLION FIVE HUNDRED THOUSAND ($1,500,000) DOLLARS.

## AS AND FOR A SEVENTH CAUSE OF ACTION
## FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

50. That at all times herein mentioned, Plaintiff repeats, reiterates and realleges each and every allegation contained herein as though set forth at length herein.

51. That as a result of the aforementioned extreme and outrageous conduct intentionally inflicted by Police officers, detectives, agents and/or employees of the New York City Police Department, and Defendant, **CITY OF NEW YORK**, as well as prosecutors employed by Defendant, **CITY OF NEW YORK**, Plaintiff, **MICHAEL COLLIER**, suffered severe emotional and/or mental distress, including but not limited to emotional overlay, depression, stress, anxiety, humiliation, embarrassment and tension.

52. That as a result of the foregoing intentional, extreme and outrageous acts of the Defendants, Plaintiff, **MICHAEL COLLIER**, suffered severe emotional and/or mental distress, all of which are permanent in nature, and that as a result of the foregoing, the Plaintiff, **MICHAEL COLLIER**, has sustained damages, which exceed the jurisdictional limit of this Court, exclusive of interest, costs, and disbursements and/or Plaintiff has been damaged in a sum not to exceed ONE MILLION FIVE HUNDRED THOUSAND ($1,500,000) DOLLARS.

## AND AS FOR A EIGHTH CAUSE OF ACTION FOR
## VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C.A. §1983

53. That at all times herein mentioned, Plaintiff repeats, reiterates and realleges each and every allegation contained herein as though set forth at length herein.

54. That Defendants, in existence, employed, and/or acting under the color and authority of statutes, ordinances, regulations, customs, or usages of the State of New York, failed to follow

proper procedures in their conduct towards, and treatment of Plaintiff, **MICHAEL COLLIER**, which was violative of Plaintiff's, **MICHAEL COLLIER**, right to due process and equal protection under the laws as guaranteed by the Constitution of the United States of America.

55. That by reason of the foregoing, Plaintiff, **MICHAEL COLLIER**, a citizen of the United States who had resided in the City, County and State of New York, was caused to be subjected to the deprivation of his rights, privileges, and immunities secured by the Constitution and laws of the United States pursuant to Title 42, Section 1983 of the United States Code.

56. That by reason of the foregoing negligence on behalf of the New York City Police Department, and Defendant, **CITY OF NEW YORK**, Plaintiff, **MICHAEL COLLIER**, has been caused to sustain serious permanent personal injuries of body and mind as well as special damages and loss and/or diminution in his enjoyment of life, and that as a result of the foregoing, the Plaintiff, **MICHAEL COLLIER**, has sustained damages, which exceed the jurisdictional limit of this Court, exclusive of interest, costs, and disbursements and/or Plaintiff has been damaged in a sum not to exceed ONE MILLION FIVE HUNDRED THOUSAND ($1,500,000) DOLLARS.

**WHEREFORE**, Plaintiff, **MICHAEL COLLIER**, demands judgment against Defendants, **CITY OF NEW YORK**, on each of the aforementioned causes of action, all of which exceed the jurisdictional limit of this Court, exclusive of interest, costs, and disbursements and/or Plaintiff demands judgment on each and every cause of action in a sum not to exceed TWELVE MILLION ($12,000,000) DOLLARS, together with costs and disbursements of this action.

Dated: New York, NY
January 9, 2013

Yours, etc.

_____

14

EVAN H. NASS, ESQ. (EN0857)

## ATTORNEY'S VERIFICATION

EVAN H. NASS, ESQ., an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am an attorney and member of NASS & ROPER LAW, LLP, attorneys for Plaintiff, MICHAEL COLLIER. I have read the annexed COMPLAINT and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

The reason this verification is made by me and not Plaintiff is that Plaintiff is not presently in the county wherein the attorneys for the Plaintiff maintain their offices.

DATED: New York, New York
January 9, 2013

_____
EVAN H. NASS, ESQ. (EN0857)

15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL COLLIER,

                                  **Plaintiff,**

– against –

CITY OF NEW YORK, ET AL.
                                  **Defendants.**

---

## SUMMONS & VERIFIED COMPLAINT

---

**NASS & ROPER LAW, LLP**
*Attorneys for Plaintiff*
**MICHAEL COLLIER**
14 Penn Plaza, Suite 2004
New York, New York 10122
(718) 775-3246
Fax: (718) 775-3246[*]

---

[*] Not for service of papers.